The majority has decided that the record in this case reveals that the plaintiff is not credible according to their Finding of Fact No. 19. It is for this very reason that I must respectfully DISSENT.
In a recent Court of Appeals case that was filed December 3, 1996 entitled, Sanders v. Broyhill Furniture, the Court addressed the issue of credibility in great detail and it is from that detailed discussion that I believe the majority has the wrong result.
In the instant case, there is substantial evidence of record to support the Deputy Commissioner's Opinion and Award at the initial hearing in this case.
First, there is ample evidence to support the Deputy Commissioner's Finding of Fact No. 3, which stated plaintiff's work incident aggravated his pre-existing cervical spondylosis. Dr. Daubert, in his deposition, specifically states, "The plaintiff's work aggravated his pre-existing condition." I find this statement by Dr. Daubert very credible.
Secondly, the majority in their Finding of Fact No. 18 seems to ignore the fact that Dr. Daubert is Board certified and qualified to give his expert medical opinion, despite the length of time he has been licensed. Dr. Daubert rendered an opinion and it was one in which I believe the majority should have followed.
The last and most important point I will express in this dissent deals with the issue of credibility.
The majority found plaintiff not to be credible in this case whereas the Deputy Commissioner expressly made a Finding of Fact No. 12 whereby the Deputy found the plaintiff to be a credible and convincing witness as to the description of pain to his neck as well as his inability to do heavy lifting as a result of that pain. The majority has failed to consider the applicability of the general rule which encourages deference to the hearing officer who is the best judge of credibility. I consider the Deputy Commissioner's finding of credibility is clearly a reversible error.
In the Sanders case, the Deputy Commissioner made a specific finding of fact that the plaintiff was not credible and denied the claim. The Full Commission reversed the Deputy Commissioner's decision by finding the plaintiff to be credible. The Court of Appeals then reversed the Full Commission's decision because there was a failure by the Full Commission to consider the Deputy Commissioner's finding on credibility. Ironically, the author of this opinion, Commissioner Diane Sellers, also wrote the Full Commission dissent that the Court of Appeals relied heavily upon in reaching its decision in Sanders. Clearly, if the Sanders
decision requires the Full Commission to consider a Deputy Commissioner's finding of lack of credibility with regard to a plaintiff-employee, the decision also applies to the situation at hand when the Deputy Commissioner has found that the plaintiff-employee was credible.
The Court of Appeals directly quoted Commissioner Sellers admonishing that 'Commissioners sitting as the Full Commission should exercise great restraint when tempted to replace the evaluation of a deputy, who was actually present to observe the witnesses who testified under oath, with the opinion of a Commissioner, who has reviewed only a cold record and the brief arguments of the party or their counsel.'
In conclusion, I must say that credibility is an issue which should be dealt with on a case by case basis. The Sanders case sums up my parting remarks by stating, "While the Commission is entitled to overrule the Deputy Commissioner's ruling on credibility, its determination cannot be made lightly when the Deputy Commissioner is the only person who has observed the witness. Credibility can be decisive in deciding a party's success or failure." For all the reasons stated above, I must respectfully DISSENT.
 S/ ________________________ COY M. VANCE COMMISSIONER
CMV/cnp/mj 12/18/96